## Commonwealth ex rel. Williams v. McCullough

Henry Gouley, for relator.

William J. MacCarter, Jr., district attorney, for Commonwealth.

BIDDLE, JR., P. J., ninth judicial district, specially presiding, June 4, 1931.—
The relator, who is in the custody of the Warden of the Delaware County Prison, where he is at present under sentence of death following conviction of murder of the first degree, has presented his petition asking this court to grant a writ of habeas corpus ad testificandum, directed to the warden of said prison, in order that the relator may testify as a witness in a charge pending against one Earl Kratzer before S. W. Swartley, justice of the peace of Glenolden, in this county, the hearing of Kratzer being fixed for 7 o'clock P. M. (daylight saving time), June 4, 1931, at the office of said S. W. Swartley in Glenolden.

There is no question that the common-law writ asked for is still applicable in proper cases in this Commonwealth where a prisoner who is detained in jail

or prison is desired as a witness in a pending case. It is necessary, however, that in every such case there should be a proper party who applies for the writ, and in the case at bar, in our opinion, there is no such person. The petition for the writ is by the one who himself desires to appear as a witness, but the petition does not inform the court as to whether his testimony would be in favor of the defendant, Kratzer, or in favor of the Commonwealth, and we have been cited to no authority, nor do we know of any, which justifies a witness of his own motion applying for a writ of this nature.

If the application had been made by the district atotrney, the proper prosecuting officer of the Commonwealth, or if it had been made by Earl Kratzer on the allegation that the evidence of the relator would tend to relieve him from the charge made against him, we should have an entirely different situation, and the only question we should then have to consider would be whether, in view of the sentence of death, which is to be executed within a few days, this court would have jurisdiction to take action which might interfere with the carrying out of that sentence: Com. v. Ross, 13 Dist. R. 493.

As neither of the parties to the proceeding against Kratzer, however, applies for the writ, the jurisdictional question suggested need not be passed upon at this time. We are satisfied that the relator himself has no standing in the present instance to ask for the writ that he seeks.

If our view were otherwise, it is easy to see how it would be possible for a person under sentence of death to delay execution indefinitely by asking for one writ after another which might enable him to appear as a witness in cases pending within the jurisdiction, and in a county of this size and population there is never a lack of such cases, and if such applications as this could be entertained it would be equivalent to the courts indefinitely postponing sentences of death in cases of murder in the first degree.

It follows that the present application must be refused.

And now, to wit, June 4, 1931, the application for a writ of habeas corpus ad testificandum is refused and the relator is remanded to the custody of the Warden of the Delaware County Prison.

From William R. Toal, Media, Pa.